CITIZENS' BANK OF TINA, MO., v. ADAMS et al.

(Circuit Court, N. D. Illinois.    February 15, 1897.)

No. 22,883.

EQUITABLE LIEN—ADVANCES BY BANK.

A bank advancing money to stockmen for the purchase of stock, with the understanding that, according to the previous course of business, the stock would be shipped to commission merchants, sold, and the proceeds placed to the credit of the bank, for its reimbursement, gives the bank a right to such proceeds as against the commission merchants, who are aware of the understanding and previous course of business, and they cannot appropriate such proceeds to the payment of a debt due them from the shippers.

F. A. Riddle, for complainant.
L. H. Bisbee, for defendants.

GROSSCUP, District Judge (orally).    The material facts in this case are as follows:  Parsley & Markwell were buyers of cattle and shippers

of the same to the stock yards at Chicago, beginning early in 1889 and running until October, 1892. They had an arrangement with the complainant whereby the complainant honored their checks for the cattle thus purchased, and thus advanced them the purchase money. During this whole period the cattle were shipped to the defendants, who were commission merchants in the Chicago Stock Yards, who, upon the receiving and selling of the same, after the deduction of their commissions, deposited the proceeds principally with the Drovers' National Bank of Chicago to the credit of the complainant. Occasionally a small amount, such as from $5 to $45, seems to have been given in currency to Markwell, and sometimes drafts and checks for considerable amounts appear to have been credited to the defendants' account as against Parsley & Markwell; but almost the entire amount of the proceeds during this period of more than three years was deposited directly to the complainant,—so much, at least, undoubtedly, as kept the complainant's charges on account of advances to Parsley & Markwell fully balanced. The fact that Adams & Burke during this whole period made these deposits to the credit of the complainant was unquestionably due to the arrangement between the parties to the transaction. or, at least, to the request made by Parsley & Markwell upon Adams & Burke that the proceeds should thus be dealt with. During this period, from time to time, beginning in August, 1890, and ending in November, 1891, drafts were given by the defendants to Parsley & Markwell, for which the defendants took Parsley & Markwell's notes. These aggregated $5,000. The first note was executed by Parsley & Markwell as a firm, but upon its renewal, and at the insistence of the defendants, the note was executed, supposedly, by Parsley and Markwell each individually. This indebtedness ran along from August, 1890, until October, 1892, without any portion of it being paid, and without its existence ever having come to the knowledge of the complainant. During that whole period the defendants were receiving. each month, large amounts from the proceeds of shipments of Parsley & Markwell, and deposited the same, as usual, to the credit of the complainant. At almost any time during this period the defendants were obtaining from the shipments enough money to discharge this note. I am convinced that the defendants knew that the complainant was advancing money upon the faith of the arrangement that the proceeds should be deposited to their credit, and knew, also, that any interruption of this arrangement by the withholding of proceeds to pay off these notes would lead to a rupture, and probably to a demand by the bank for a return of the fund. The last shipment made was in October, 1892, when the cashier of the complainant, in the presence and hearing of a soliciting agent of the defendants, advanced something like $8,000, upon the assurance that, as soon as the stock was received in Chicago, the money would be deposited to the credit of the bank to meet certain obligations that the bank was obliged to keep with another bank. The defendants, however, upon the receipt and sale of this stock, withheld sufficient to pay off their note, and deposited the balance. This bill is to compel them to account to the complainant for the sums thus withheld.

I hold, upon the ruling in Bank v. Gillespie, 137 U. S. 411, 11 Sup. Ct. 118, that as between the defendants, the commission merchants, and the complainant advancing the money. and by virtue of the understanding between them, both as evidenced by a long course of dealing and direct communication, the complainant bank was the beneficial owner and shipper of tnese cattle, and was therefore entitled to the proceeds up to the amount of its advancements. There will therefore be a decree for the complainant.